IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| -vs- | ) CASE NO. CR-10-188-R |
| | ) |
| ALICIA DANIELLE FREERKSEN, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

### Introduction

1. This document contains the entire plea agreement between defendant, **ALICIA DANIELLE FREERKSEN**, and the United States through its undersigned attorney. No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties. Any unilateral modification of this agreement is hereby rejected by the United States. This agreement applies only to the criminal violations described and does not apply to any civil matter or any civil forfeiture proceeding except as specifically set forth. This agreement binds only the United States Attorney's Office of the Western District of Oklahoma and does not bind any other federal, state or local prosecuting, administrative or regulatory authority. If defendant does not accept the terms of this agreement by August 6, 2010, the offer is withdrawn.

## Guilty Plea

2.  Defendant agrees to enter a plea of guilty to Count 1 of the Information charging her with possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B). To be found guilty of violating Title 18, United States Code, Section 2252A(a)(5)(B), as charged in the Information, defendant must admit that she knowingly possessed an image of child pornography; that the image was produced using material that was transported in interstate or foreign commerce; that the defendant stored the image on the memory card of an Olympus digital camera; and that the image depicted sexually explicit conduct between an adult male and a minor female.

## Maximum Penalty, Restitution and Special Assessments

3.  The maximum penalty that could be imposed as a result of this plea is ten (10) years imprisonment or a fine of $250,000.00 or both such fine and imprisonment, as well as a mandatory special assessment of $100.00, and a term of supervised release of not less than five (5) years.

4.  In addition, the Court may order the payment of restitution to any victim(s) of the offense.

5.  Defendant agrees to pay the special assessment due the United States to the Office of the United States Court Clerk immediately following sentencing.

Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments.

6. For certain statutory offenses, the Court must also impose a term of supervised release, which defendant will begin to serve after being released from custody. For all other offenses, the court may impose a term of supervised release to be served following release from custody. During the term of supervised release, defendant will be subject to conditions that will include prohibitions against violating local, state or federal law, reporting requirements, restrictions on travel and residence, and possible testing for controlled substance use. If defendant violates the conditions of her supervised release, the Court may revoke her supervised release, and sentence her to an additional term of imprisonment. This additional term of imprisonment would be served without credit for the time defendant successfully spent on supervised release. When combined, the original term of imprisonment and any subsequent term of imprisonment the Court imposes may exceed the statutory maximum prison term allowable for the offense.

## Sentencing Guidelines

7. The parties acknowledge that Title 18, United States Code, Section 3553(a), directs the Court to consider certain factors in imposing sentence, including the Sentencing Guidelines promulgated by the United States Sentencing Commission.

Consequently, although the parties recognize that the Sentencing Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines. Based upon the information that is known to the parties on the date this agreement is executed, they expect to take the following positions at sentencing:

The parties agree defendant should receive a 2-level downward adjustment for acceptance of responsibility pursuant to USSG §3E1.1(a), if she commits no further crimes and fully complies with all of the other terms of this agreement. Further, to the extent the Court finds defendant qualifies for that 2-level downward adjustment and USSG §3E1.1(b) is applicable, the government agrees to move for the additional 1-level downward adjustment of §3E1.1(b), if defendant accepts the terms of this plea agreement by the deadline established in paragraph 1.

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other guideline adjustments and sentencing factors for consideration by the U.S. Probation Office and the Court.

The parties have entered into this plea agreement under the provisions of Rule 11(c)(1)(B). Defendant also acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or defendant. And, even if the Court rejects one or more of these stipulations, agreements, or recommendations, that fact alone

would not allow defendant to withdraw her plea of guilty. It is the expectation of the United States that its criminal investigation of defendant's conduct (as opposed to the wrongdoing of others) will cease upon the signing of this plea agreement. However, subject to the terms and conditions of this plea agreement, the United States expressly reserves the right to take positions that deviate from the foregoing stipulations, agreements, or recommendations in the event that material credible evidence requiring such a deviation is discovered during the course of the United States' investigation subsequent to the signing of this agreement or arises from sources independent of the United States, including the U.S. Probation Office.

## Waiver of Right to Appeal and Bring Collateral Challenge

8. Defendant understands that the Court will consider those factors in Title 18, United States Code, Section 3553(a), in determining her sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense to which she is pleading guilty. Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, give her the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, defendant in exchange

for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives her right to:

      a.     Appeal or collaterally challenge her guilty plea, sentence and restitution imposed, and any other aspect of her conviction; provided that it is agreed that defendant may appeal the denial of her motion to suppress evidence (Doc. 31);

      b.     Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, her sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7.

      c.     It is provided that defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case.

9.     The United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined, provided defendant's sentence is within the advisory guideline range determined by the Court to apply to this case. By this agreement, the United States

specifically does not waive its right to appeal a sentence below the advisory sentencing guideline range determined by the Court to apply to this case.

### Obligations of Defendant

10.     Defendant agrees to cooperate fully with the United States by providing truthful, candid and complete information as to all matters within her knowledge concerning her wrongful conduct as well as any wrongful conduct involving others. Pursuant to §1B1.8 of the Sentencing Guidelines, when such information is first provided to the United States by defendant (instead of initially provided by any accomplices of defendant or other independent sources), it will not be used against defendant in determining the advisory sentencing guideline range. Defendant understands that such cooperation will include (a) attending all meetings at which the United States requests her presence; (b) providing to the United States, upon request, any document, record, or other tangible evidence relating to matters about which the United States or any designated law enforcement agency inquires; (c) testifying truthfully before the grand jury and at any trial or other court proceedings if requested to do so by the United States; (d) bringing to the attention of the United States all crimes which she has committed, and all administrative, civil or criminal proceedings, investigations, or prosecutions in which she has been or is a subject, target, party, or witness. Defendant shall commit no further crimes.

11. It is understood by the parties that no statements made by defendant subsequent to and in response to this agreement will be used directly against her in any subsequent criminal proceeding, except in a prosecution for perjury or a false-statement offense. This restriction does not affect the rights and obligations of the United States, as stated herein, concerning the prosecution of the instant charged offenses. Moreover, the parties also recognize that the United States specifically reserves the right to (a) use any statements made by defendant to impeach her if she ever testifies in an inconsistent or contrary manner during any trial or other proceeding; and (b) to pursue and investigate any leads which may arise from statements made by defendant.

12. It is understood that, should defendant commit any further crimes or should it be determined that she has knowingly given false, incomplete, or misleading testimony or information, or should she otherwise violate any provision of this agreement, the United States may declare this agreement null and void and prosecute defendant for any and all her federal criminal violations, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be brought against defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecution. Defendant

hereby waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.

13.    The parties also recognize that in the event it is determined that defendant has committed any further crimes, knowingly given false, incomplete, or misleading testimony or information, or otherwise violated any provision of this agreement, (a) all statements made by defendant to the United States or other designated law enforcement agents, and any testimony given by defendant before a grand jury or other tribunal, whether prior to or subsequent to the signing of this agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against defendant; and (b) defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule or law that such statements or any leads therefrom should be suppressed. It is the intent of this agreement to waive all rights in the foregoing respects.

### The Obligations of the United States

14.    If defendant enters a plea of guilty as described above and fully meets all obligations under this agreement, the United States Attorney's Office for the Western District of Oklahoma will not further prosecute defendant for any offenses

RAS

as set forth in Counts 1 through 5 of the Indictment returned in this matter on May 18, 2010, ~or~ any offenses related to the conduct from May 2010 through July 2010, against the defendant. This agreement does not provide any protection against prosecution for any crime not specifically described above. Further, at the time of sentencing, the United States will move to dismiss Counts 1 through 5 of the Indictment returned against the defendant on May 18, 2010.

TKB
ADF

15.  It is understood that the sentence to be imposed upon defendant is within the sole discretion of the Court. The United States does not make any promise or representation as to what sentence defendant will receive. The United States reserves the right to inform the Probation Office and the Court of the nature and extent of defendant's activities with respect to this case and all other activities of defendant which the United States deems relevant to sentencing.

16.  Further, the United States, in its sole discretion and by whatever means it deems appropriate, will evaluate defendant's cooperation in determining whether a motion for downward departure from the advisory guideline range under §5K1.1 of the Sentencing Guidelines, including a motion to depart below a statutory minimum sentence under 18 U.S.C. § 3553(e), or a reduction of sentence under Rule 35(b), Federal Rules of Criminal Procedure is appropriate. It is understood that the decision whether to make such a motion is likewise solely within the discretion of the United States, and that a negative decision will not allow a guilty plea to be withdrawn.

## Signatures

17. By signing this agreement, defendant acknowledges that she has discussed its terms with her attorney and understands and accepts those terms. Further, defendant acknowledges that this document contains the only terms of the agreement concerning her plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this ___3rd___ day of ___August___, 2010.

**APPROVED:**

_____
SCOTT L. PALK
Deputy Chief, Criminal Division

_____
ALICIA DANIELLE FREERKSEN
Defendant

SANFORD C. COATS
United States Attorney

_____
RANDAL A. SENGEL (OBA 11701)
Assistant U.S. Attorney
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8845 - Office
(405) 553-8887 - Fax

_____
TERESA BROWN
Assistant Federal Public Defender
Attorney For Defendant