Prob 12C (10/99)

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

## Petition for Summons for Offender Under Supervision

Name of Offender: Alicia Danielle Freerksen          Case Number: CR-10-00188-002-R

Name of Judicial Officer: The Honorable David L. Russell

Date of Original Sentence: February 8, 2011
Date of Revocation Sentence: July 8, 2019

Original Offense: Possession of Child Pornography; 18 U.S.C. § 2252A(a)(5)(B)

Original Sentence: 120 months custody, 5 years supervised release
Revocation Sentence: 10 months custody, 5 years supervised release

Type of Supervision: Supervised release          Date Supervision Commenced: April 27, 2020

Previous Court Action: None

Assistant U.S. Attorney: Brandon Hale          Defense Counsel: TBD

---

### PETITIONING THE COURT

[X]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Violation of Special Condition:** The defendant shall not possess or use a computer with access to any on-line computer service at any location (including place of employment) without the prior written approval of the probation officer. This includes any Internet Service provider, bulletin board system or any other public or private network or e-mail system. This condition is not a prohibition on the defendant's use of the Internet, but a restriction to use of the Internet only on device(s) that (1) are compatible with the U.S. Probation Office's monitoring technology and (2) are approved by the probation officer prior to any use, so that use of the device(s) can be monitored. |

Prob 12C (10/99)                                                                                         Alicia Danielle Freerksen
                                                                                                         CR-10-00188-002-R

      Ms. Freerksen violated the above condition when she used an unmonitored smart phone during the months of December 2020 to February 2021 on numerous occasions without the approval of her probation officer. Furthermore, on February 25, 2021, Ms. Freerksen admitted to U.S. Probation Officer Aric Holloway to using an unauthorized smartphone during that time period.

**2**     **Violation of Special Condition:** **The defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations, without individual showing of reasonable suspicion, on any computer or mobile phone equipment used by the defendant. The examination may include assistance of other law enforcement agencies. This may include retrieval and copying of all data from the computer and any internal or external peripherals to ensure compliance with his/her conditions and/or removal of such equipment for the purpose of conducting a more thorough inspection. The defendant shall have no expectation of privacy regarding computer or mobile phone use or information stored on the computer or mobile phone. The defendant shall warn any other significant third parties that the computer(s) may be subject to monitoring. Any attempt to circumvent monitoring and examination may be grounds for revocation.**

      In February 2021, Ms. Freerksen violated the above condition when she circumvented monitoring and examination of a mobile phone by destroying and discarding it. Furthermore, on February 25, 2021, Ms. Freerksen admitted to U.S. Probation Officer Aric Holloway to destroying the mobile phone prior to examination.

**3**     **Violation of Standard Condition No. 8:** **You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.**

      Around October 2020, Ms. Freerksen violated the above condition on numerous occasions by communicating with Tevin Edmond, a person she knew to be a felon, without permission of her probation officer.

      Around December 2020 to February 2021, Ms. Freersen violated the above condition on numerous occasions by communicating with Joseph McCullar, a person she knew to be a felon, without permission of her probation officer.

U.S. Probation Officer Recommendation:

[X]    The term of supervision should be revoked.

Prob 12C (10/99)                                                                                         Alicia Danielle Freerksen
CR-10-00188-002-R

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 3, 2021

_____
Aric Holloway
Senior U.S. Probation Officer

Reviewed by,

_____
Sean Bernhard
Supervisory U.S. Probation Officer

Date: March 3, 2021

---

THE COURT ORDERS

[ ]     No action
[ ]     The Issuance of a Warrant
[X]    The Issuance of a Summons
[ ]     Other

<u>March 4, 2021</u>
Date

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

3